IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL H., by and through his parents, CHRISTINE C.-H. and CHARLES H., of Ephrata, Pa. 17522 | : : : : | |
| and | : : | |
| CHRISTINE C.-H. and CHARLES H., individually, and on their own behalf | : : | Civil Action |
| Plaintiffs | : : : | |
| v. | : : | No. |
| EPHRATA AREA SCHOOL DISTRICT 803 Oak Boulevard Ephrata, Pa. 17522 | : : : : : | |
| Defendant | : | |

**COMPLAINT**

**I.      Introduction**

1.      Samuel H. ("Kai"), a minor child with disabilities, and his parents, Christine C.-H. and Charles H. ("Parents") (collectively "Plaintiffs" or "Family"), bring this action to recover reasonable attorney's fees and costs as the prevailing party in a special education due process hearing.

2.      Kai is a child with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and its federal and state implementing regulations. He is a qualified handicapped person under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and their federal and state implementing regulations.

1

3. After an administrative due process hearing by the Pennsylvania Department of Education, a Pennsylvania Special Education Hearing Officer ("Hearing Officer") determined that the Defendant Ephrata Area School District ("Defendant" or the "District") denied Kai a Free Appropriate Public Education ("FAPE") under IDEA and Section 504. *S.H. v. Ephrata Area School District*, ODR No. 29362-23-24KE (July 29, 2024) ("Decision") (attached, as redacted, as Exhibit A).

4. The Family successfully proved that Kai was denied a FAPE in violation of IDEA and Section 504 from March 2022 through the conclusion of the 2023-24 school year.

5. The Hearing Officer awarded Kai "fifteen minutes of compensatory education for every week school was in session from March 12, 2022 through the last week of the 2023-24 school year" (Decision at 40) and an independent neuropsychological evaluation at District expense (*id.* at 41-42) to remedy the School District's violations.

## II.   Parties

6. Kai was born in 2010. He was and is at all relevant times a resident of the Ephrata Area School District.

7. Christine C.-H. and Charles H. are Kai's parents with whom Kai resides within the geographic boundaries of the District.

8. The District is located at 803 Oak Boulevard, Ephrata, Pennsylvania 17522. The District is the recipient of several sources of federal funds and is a Local Educational Agency ("LEA") under Pennsylvania law for the provision of educational services to resident children under IDEA, Section 504, and Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. § 875-101; 22 Pa. Code Chapters 14 and 15; 24 P.S. Chapter 13.

**III.    Jurisdiction and Venue**

9. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because it is a civil action arising under IDEA, Section 504, and ADA which are laws of the United States.

10. The School District's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

11. The Family has exhausted its administrative remedies as required under 20 U.S.C. § 1415(i), having timely pursued a special education due process hearing.

12. The Family prevailed at the due process hearing when the Hearing Officer concluded that the District denied Kai a FAPE from March 12, 2022 through the end of the 2023-24 school year, and ordered declaratory and equitable relief in Kai's favor. The Hearing Officer awarded not only compensatory education but also an independent neuropsychological evaluation of Kai, to be paid for by the District.

13. The Family's claims and remedies are authorized by 20 U.S.C. § 1415(i)(3)(B), 34 C.F.R. § 300.517, 29 U.S.C. § 794a, 42 U.S.C. § 12205, which permit plaintiffs to recover reasonable attorney's fees when they prevail in an action or proceeding; and 28 U.S.C. §§ 2201, 2202, providing for declaratory and any further relief deemed necessary and proper.

**IV.    Facts Supporting Liability**

14. Kai is a thirteen-year-old student identified under IDEA, as a child with Other Health Impairment, Specific Learning Disabilities, and Speech and Language Impairment.

15. Kai is identified as a child with a disability under Section 504 and the ADA as a

3

child diagnosed with Post-Traumatic Stress Disorder ("PTSD"); Attention Deficit Hyperactivity Disorder ("ADHD"); Generalized Anxiety Disorder; Depression; Adjustment Disorder; Specific Learning Disorder with impairment in written expression, moderate; Neurodevelopmental Disorder; Mixed Receptive-Expressive Language Disorder; and Specific Learning Disorder with reading impairment.

16. The Parent filed a Due Process Complaint on March 11, 2024, and requested a due process hearing to resolve the allegations that the District failed to appropriately evaluate and provide special education and related services to Kai in violation of IDEA, Section 504, and the ADA.

17. The Hearing Officer held a virtual due process hearing on multiple dates in April and May 2024.

18. The Hearing Officer issued her decision finding in part for the Family and granting declaratory and equitable relief to the Family.

19. The Hearing Officer's decision materially altered the legal relationship between the parties and, therefore, the Family is the prevailing party.

20. The Hearing Officer determined, *inter alia*, Kai's social skills and social-emotional programming was flawed because his IEPs lacked necessary goals, data collection and progress monitoring in the areas of social skills, coping, self-advocacy and/or resiliency. Decision, 35, 38. The Hearing Officer likewise determined that goals for Kai in these areas cannot be established without an updated neuropsychological evaluation and ordered the District to fund the same. *Id.* at 38-39. Finally the Hearing Officer ordered the IEP team to meet to discuss revisions to Kai's IEP such as school-based mental health or counseling services and social-emotional goals. *Id.* at 41-

42.

21.     The Family is the prevailing party, having obtained substantive relief in the due process proceedings, which altered the legal relationship between the parties, and is entitled to an award of statutory attorney's fees and costs, including the time spent litigating the entitlement to attorney's fees. *Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 268 (3d. Cir. 2002); *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 1840 (2001) (even an award of nominal damages suffices for prevailing party status); *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 293 (3d Cir. 2016) (same); *MP by & through VC v. Parkland Sch. Dist.*, 2021 WL 3771814, at *20 (E.D. Pa. Aug. 25, 2021) (suggesting that approximately 50% of the fees reasonably accumulated would be a reasonable award when parent prevailed on an Independent Educational Evaluation only without any FAPE deprivation).

22.     The Plaintiff has attempted to resolve the issues raised in this Complaint, however, the Defendant has refused to pay reasonable prevailing party fees and costs.

23.     The Family will file a motion for attorney's fees and costs at a date fixed by the Court.

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

1.     Assume jurisdiction over this action;

2.     Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii);

3.     Award Plaintiffs reasonable attorney's fees and costs for counsel's representation before, during, and after the state administrative due process hearing; and for the present action, including, but not limited to, the litigation of an impending petition

for attorney's fees; and

4. Grant such other relief as this Court deems proper.

Respectfully submitted,

/s/ *Dennis C. McAndrews*
Dennis C. McAndrews, Esquire
PA ID No. 28012

/s/ *Michael J. Connolly*
Michael J. Connolly, Esquire
PA ID No. 82065

/s/ *Jacqueline C. Lembeck*
Jacqueline C. Lembeck, Esquire
PA ID No. 314535

McANDREWS, MEHALICK, CONNOLLY
HULSE & RYAN P.C.
30 Cassatt Ave.
Berwyn, PA 19312
(610) 648-9300 (phone)
(610) 648-0433 (fax)
jlembeck@mcandrewslaw.com
Attorneys for Plaintiffs